**IN THE COURT OF APPEALS OF IOWA**

No. 15-1910
Filed January 13, 2016

**IN THE INTEREST OF Q.V.,**
**Minor Child,**

**K.M., Mother,**
**Appellant.**

_____

Appeal from the Iowa District Court for Ida County, Mary L. Timko, Associate Juvenile Judge.

The mother appeals the termination of her parental rights to her son, Q.V. **AFFIRMED.**

Elizabeth Specketer, Rembrandt, for appellant mother.

Thomas J. Miller, Attorney General, and Kathrine S. Miller-Todd, Assistant Attorney General, for appellee State.

Lesley Rynell of the Public Defender's Office, Sioux City, attorney and guardian ad litem for minor child.

Considered by Vogel, P.J., and Vaitheswaran and Bower, JJ.

**VOGEL, Presiding Judge.**

The mother appeals the termination of her parental rights to her son, Q.V. She asserts the district court improperly concluded her rights should be terminated pursuant to Iowa Code section 232.116(1)(e) and (*l*) (2015), and that termination is not in Q.V.'s best interests due to the parent-child bond; furthermore, she urges the relative-placement exception found in Iowa Code section 232.116(3)(a) should preclude termination. Given the mother does not contest the district court's termination of her rights under paragraph (f), we affirm on those grounds. Additionally, due to the mother's long-standing substance abuse issues and current incarceration, termination is in the child's best interests, and the relative-placement consideration does not preclude termination. Consequently, we affirm the order of the district court.[1]

Q.V., born October 2010, came to the attention of the Iowa Department of Human Services (DHS) due to concerns regarding domestic violence and drug abuse in the home. Upon investigation, the mother admitted to using marijuana and prescription drugs, though she refused to take a drug test. Q.V. was removed from the home on May 3, 2014, and a removal order was filed on May 6, 2014. Q.V. was placed with his paternal grandparents, where he remained at the time of the termination hearing. Subsequent to Q.V.'s removal, both he and the father tested positive for methamphetamine.

On November 7, 2014, the mother was arrested on federal charges of conspiracy to deliver methamphetamine, following the discovery of nearly a half-

---

[1] In a permanency hearing held on July 28, 2015, the father, having shown good progress, was granted additional time to work towards reunification; consequently, he is not a party to this appeal.

pound of methamphetamine in her car.  She pled guilty on July 17, 2015, though as of the time of the termination hearing, she had not been sentenced.  The conviction carries a mandatory period of incarceration of ten years, though the mother testified she may be given probation or a reduced sentence, as she was "safety valve" eligible.  However, the mother had her pretrial release revoked due to two violations.  Apart from this charge, the mother has an extensive criminal history dating back to 1998, including several traffic violations, and OWI, possession, and assault charges.

The mother underwent a substance abuse evaluation on January 14, 2015.  The report noted the mother had a severe substance use disorder, as well as bipolar disorder, generalized anxiety disorder, PTSD, and cannabis use disorder.  Prior to the mother's incarceration, DHS workers observed the mother's erratic behavior, which indicated drug use.  Nonetheless, throughout the pendency of the proceedings, the mother denied she had a substance abuse problem, though at the termination hearing, she testified she was aware of how her drug use negatively impacted Q.V.  She stated the drug treatment program helped her understand her own past history of trauma and that she believed she could achieve sobriety.

The State petitioned to terminate the mother's parental rights, and on September 22, 2015, the matter came on for a hearing.  The mother testified via phone.  On October 26, 2015, the district court issued an order terminating the mother's parental rights pursuant to Iowa Code section 232.116(1)(e), (f), and (*l*). The mother appeals.

We review termination proceedings de novo. *In re S.R.*, 600 N.W.2d 63, 64 (Iowa Ct. App. 1999). The grounds for termination must be proved by clear and convincing evidence. *Id.* Our primary concern is the child's best interest. *Id.* When the juvenile court terminates parental rights on more than one statutory ground, we only need to find grounds to terminate under one of the sections cited by the juvenile court to affirm. *Id.*

Given the mother does not contest the State proved by clear and convincing evidence her rights should be terminated pursuant to paragraph (f), we affirm on those grounds. We further note the record establishes that, due to the mother's incarceration and pending sentencing proceedings, we conclude Q.V. cannot be returned to her care at this time. *See* Iowa Code § 232.116(1)(f)(4).

As the district court found, termination is also in Q.V.'s best interests. The mother has been addicted to methamphetamine for approximately twenty years, and she is currently incarcerated after being discovered transporting a half-pound of methamphetamine in her car. In determining the future actions of the parent, her past conduct is instructive, and here, despite the mother's contentions that she now has the determination to move forward, she has shown inconsistent progress with regard to maintaining sobriety. *See In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006). Moreover, Q.V. has been out of her care since May 2014 and has had minimal contact with the mother since then. "We have repeatedly followed the principle that the statutory time line must be followed and children should not be forced to wait for their parent to grow up." *In re N.F.*, 579 N.W.2d 338, 341 (Iowa Ct. App. 1998); *see also* Iowa Code § 232.116(2). Given these

considerations, we agree with the district court that termination of the mother's rights is in the child's best interests, despite a slight bond the mother shares with Q.V.

Furthermore, we do not agree with the mother's argument Iowa Code section 232.116(3)(a)—the relative-placement consideration—should preclude termination. As the district court noted:

> [The mother's] lack of parenting skills and ability to make basic parenting decisions on [Q.V.'s] behalf led to his testing positive for methamphetamine. [The mother] still does not acknowledge that she actually caused harm to [Q.V.]—not only by her drug usage around him which led to his testing positive for methamphetamine but by her callous attitude towards visits and her investment in the drug lifestyle, which has led to her now being fully taken out of his life for all of his elementary and middle school, and likely, most of his high school. This demonstrates her total disregard for his mental and emotional well-being.

The record reflects the court's summation, which indicates that it is in the best interests of Q.V. that the mother's rights are terminated. Consequently, we conclude the relative-placement consideration does not preclude termination, and we affirm the order of the district court.

**AFFIRMED.**